UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CIVIL CASE NO. 05-254-DCR

Eastern District of Kentucky
FILED
MAY 24 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

JAMES ELLIS LANG,                                           PETITIONER

VS.            **REPORT AND RECOMMENDATION**

KENTUCKY STATE PAROLE BOARD,                     RESPONDENT

\*\*\*\*\*\*\*

This matter is before the Court upon the "Petition for Writ of Habeas Corpus" (DE#1) pursuant to 28 U.S.C. §2254 by the pro se petitioner, James Lang. This matter has been referred to the undersigned Magistrate Judge for initial consideration. As the record conclusively shows that petitioner is not entitled to any relief, no response is necessary and this petition should be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The undersigned Magistrate Judge has carefully considered the record and makes the following proposed findings of fact and conclusions of law:

## I. Findings of Fact

James Lang is a state prisoner in Kentucky with an extensive criminal history. In fact, the record reflects that he has been convicted of at least 31 felony offense since 1983. See Lang v. Kentucky Parole Board, Ky. App., 2004 WL 23200309 at *1; and see, DE#1, attached copy of decision at Exh. 5, p. 2. The record also reflects that Lang has repeatedly violated his parole. In the latter decision, the Kentucky Court of Appeals sets forth the following facts:

> "Released on parole in December 1983, [Lang] went on to commit five new felonies in 1985. His parole was reinstated in December 1993, only to have him violate such in August 1994 with his parole revoked in September 1994. His parole was reinstated again in January 1997, with his violating such in January 1998, and his parole being revoked that same month. Once

again, the Parole Board reinstated petitioner's parole in January 2002, but he violated such in September 2002, and it was revoked in November 2002. It is the most recent revocation of which petitioner currently complains."

With respect to the parole violations in September 2002, Lang was arrested in Ohio by police officers on a separate arrest warrant. After he was returned to state custody in Kentucky, Lang waived his right to a preliminary hearing on the alleged parole violations. Specifically, on October 2, 2002, Lang was given a Notice of Preliminary Hearing, which informed him that he was charged with five parole violations: 1) use of controlled substances--morphine/opiates 2) failure to complete a substance abuse treatment program 3) failure to report to parole office 4) failure to report a change of address and 5) absconding parole supervision. That same day, Lang signed the written waiver of preliminary hearing. DE#1, Exh. 3.

At his final revocation hearing held on November 26, 2002, Lang openly admitted that he was guilty of all the parole violations. The three-member panel of the Parole Board voted to revoke Lang's parole and deferred consideration of parole for sixty (60) months. On December 20, 2002, the Parole Board denied Lang's request to reduce the deferment to 48 months. See DE#1, Exh. 5, p. 3.

Lang then filed a state petition for mandamus in the Franklin County Circuit Court , claiming that his due process rights were violated because: 1) his revocation was allegedly "pre-determined", 2) the Parol Board allegedly violated regulations by not providing him with a copy of his parole supervision report, and 3) based on a stylistic notation regarding the positive for "morphine/opiates", he was allegedly found guilty of "dual drug use" when only one violation was charged. See DE#1, Exh. 4, p. 3-4. On October 14, 2003, the trial court denied Lang's petition for mandamus. The Kentucky Court of Appeals affirmed, and the Supreme Court of Kentucky denied discretionary review on February 11, 2005. Lang filed his federal habeas petition on or about April 22, 2005.

## II. Issues Presented

Petitioner reasserts the allegations from his petition for mandamus, claiming that his due process rights were violated because: 1) his revocation was "pre-determined", 2) the Parol Board violated its regulations by not providing him with a copy of his parole supervision report, and 3) he was found guilty of "dual drug use" when he was only charged with one drug violation.

## III. Conclusions of Law

### Statutory Jurisdiction

Jurisdiction over a habeas corpus action attaches at the time the petition is filed. Carafas v. Lavelle, 391 U.S. 234, 237 (1968); Sanders v. Freeman, 221 F.3d 846, 850 (6th Cir. 2000). At the time of filing, Lang was in state custody at the Bell County Forestry Camp located in Pineville, Kentucky.

### Applicability of AEDPA, Successiveness

The amended provisions of the "Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA") apply to habeas petitions, such as the present one, that were filed after the AEDPA's effective date of April 24, 1996. Williams v. Taylor, 120 S.Ct. 1495, 1518 (2000); Barker v. Yukins, 199 F.3d 867, 871 (6th Cir. 1999), cert. denied, 120 S.Ct. 2658 (2000). The AEDPA requires courts to initially review a habeas petition to determine if it is "successive". In re Sims, 111 F.3d 45 (6th Cir. 1997)(per curiam). Review of the record does not reveal any previous federal petitions by petitioner.

### Exhaustion of State Remedies

The AEDPA provides that this Court may not grant habeas relief to a prisoner unless available state remedies have been exhausted. Amended §2254(b)(1) sets forth that:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."

A state prisoner must complete any appeals through the highest level of the state courts before seeking federal habeas relief. Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995); Manning v. Alexander, 912 F.2d 878, 880-81 (6th Cir. 1990). Prior to filing his federal habeas petition, Lang filed a petition for writ of mandamus in the state courts and fully appealed its denial through the Supreme Court of Kentucky. Hence, petitioner's state remedies are "exhausted".

**AEDPA One-Year Period Of Limitations**

With respect to timeliness, amended 28 U.S.C. §2244(d)(1) provides that "a one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." However, it is difficult to apply such rule to the present petition, given that the prisoner's "due process" allegations concern parole matters, rather than the validity of his conviction, which was final many years ago.

**Whether Petitioner's Claims are Cognizable on Habeas**

The petitioner is challenging both the revocation of his parole and the legality of the procedures used. Lang seeks a new revocation hearing in the hopes that he might convince the Parole Board to exercise its discretion not to revoke his parole. Elsewhere in his rambling brief, he demands to be "released" because he claims he is innocent of the parole violations. Although he admitted his guilt at his final revocation hearing, he now wishes to retract his admission. The basis for habeas jurisdiction here is questionable.

Habeas review is designed for the state prisoner who challenges the "fact or duration of his physical imprisonment and [who] seeks....immediate release or a speedier release from that imprisonment." Hadley v. Werner, 753 F.2d 514, 516 (6th Cir. 1985), quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also, Wolff v. McDonnell, 418 U.S. 539, 579, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) ("[T]he demarcation line between civil rights actions and habeas petitions is not always clear."). To the extent that Lang's allegations would not entitle him to immediate or speedier release, and to the extent his claims do not directly concern the validity of his conviction and sentence, Lang's claims may not be cognizable on habeas review. See, e.g., In re Slatton, 165 F.3d 28, 1998 WL 661148, *2 (6th

Cir. (Ohio))(petition styled as a §2254 petition, but which challenged parole proceedings for state prisoner, was held *not* to be a "habeas corpus application for the purposes of §2254"). In any event, the case law does reflect numerous habeas cases involving parole matters.

In Wilkinson v. Dotson, 125 S.Ct. 1242 (2005), the United States Supreme Court recently held that state prisoners were not required to seek relief exclusively under the federal habeas corpus statutes and could challenge the constitutionality of state parole procedures in an action under §1983 seeking declaratory and injunctive relief. The statute, 42 U.S.C. §1983, is generally used to bring constitutional challenges to the terms and conditions of confinement for a prisoner. See Preiser, 411 U.S. at 500; Mott v. Rivers, 121 F.3d 708, 1997 WL 441793 (6th Cir. (Mich.))(affirming denial of state prisoner's challenge to state parole laws, but observing that state parole law "is more a term of confinement" under §1983). Regardless, even if some, or all, of Lang's claims could have been brought in a §1983 action, his claims are meritless and would warrant dismissal under that standard as well.

**Rule 4 of the Rules Governing Section 2254 Cases**

Rule 4 of the Rules Governing Section 2254 Cases provides in relevant part:

> "...The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal...Otherwise the judge shall order the respondent to file an answer or other pleading ..."

See, e.g., Carson v. Burke, 178 F.3d 434, 436 (6th Cir. 1999)(affirming the district court's dismissal of habeas petition after preliminary review based on Rule 4 and observing that "Rule 4 dismissals are not limited to petitions that raise legally frivolous claims, but also extend to petitions containing factual allegations that are palpably incredible or false."); Small v. Endicott, 998 F.2d 411, 414 (7th Cir. 1993)(same).

## Issue 1: Whether the Petitioner's Parole Revocation was "Pre-Determined" and Resulted in a Violation of His Right to Due Process

Even assuming that Lang's allegations are cognizable on habeas review, it plainly appears from the face of the petition and the attached exhibits that Lang is not entitled to any relief from this court. His allegations do not demonstrate any constitutional "due process" violation and provide no basis for habeas relief. As the record refutes the purported "facts" underlying his argument, Lang's claims are subject to summary dismissal.

Petitioner's "pre-determination" argument is premised on the notion that the Parole Board uses a "color-coded" system of paperwork and determines revocation in advance of the final hearings. He claims that when he attended his final revocation hearing, he saw "yellow" paperwork in front of the Parole Board members and thus "knew" his parole would be revoked. As the state courts have already pointed out, the decision sheet, regardless of color, contained a variety of options that could have been chosen by the Parole Board at the conclusion of the hearing. The Kentucky Court of Appeals pointed out that:

> "Under 'Parole Board Action' on the form the following five alternatives are listed: deferment, continue on parole, violation of parole five times, serve out, and parole reinstated. In Lang's case, the Board found for deferment. No pre-determination can thus be attributed to the form. The speed of the hearing can also be attributed to the fact that Lang admitted guilt..." Lang v. Kentucky Parole Bd., Ky. App., 2004 WL 2320309 at *3.

Lang's allegation that the Board "pre-determined" his revocation is refuted by the record. Lang admitted his guilt to all the charged parole violations, and the Board then chose to revoke Lang's parole. Lang's allegations are factually baseless and legally frivolous.

Lang makes the additional attenuated allegation that "being confronted with a predetermined decision to revoke and defer parole, petitioner felt compelled to pled (sic) guilty to the charged violations..." DE#1, attached memorandum. He claims that "[t]he fact petitioner pled guilty at the final revocation hearing is of no consequence as petitioner was faced with unreasonable choices or no choice in actuality..." DE#1, Mem., unnumbered p. 16. These allegations are self-serving.

Given Lang's lengthy criminal history, he is certainly no stranger to the parole process. He was not "compelled" to admit his guilt. If he wished to present any exculpatory evidence or explain the circumstances for his positive drug tests, his failure to report, or his arrest after absconding to another state, he could have done so at the final revocation hearing. He was aware of this and opted not to do so. He cannot now complain of or retract his own decision to admit guilt. Contrary to his assertion that his admission of guilt to the charged parole violations "is of no consequence", such admission provided a reasonable basis for the Parole Board to revoke his parole at the conclusion of the hearing.

The United States Supreme Court has repeatedly held that prisoners have no constitutional right to be paroled before the expiration of a valid sentence. Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 11 (1979); Morrissey v. Brewer, 408 U.S. 471, 482-83 (1972); Board of Pardons v. Allen, 482 U.S. 369, 373 (1987); and see, Lee v. Jabe, 989 F.2d 869, 871 (6th Cir. 1993); Preston v. Hughes, 178 F.3d 1295, 1999 WL 107970 (6th Cir. (Ky.)(observing that "there is not now, nor has there ever been..., a statutory right to parole eligibility every six years for the duration of a life sentence"); Russell v. Commonwealth, 992 S.W.2d 871, 876 (1999)("Parole is not a right, but a privilege, granted or withheld within the discretion of the parole board").

"The essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence." Young v. Harper, 117 U.S. 1148, 1151 (1997), quoting Morrissey v. Brewer, 408 U.S. 471, 477. "[N]othing in the parole statutes or regulations mandates the granting of parole or diminishes the discretionary nature of the Parole Board's authority". Garland v. Commonwealth, 997 S.W.2d 487488 (1999), citing Belcher v. Kentucky Parole Board, Ky. App., 917 S.W.2d 584 (1996).

Once parole has been granted, due process protections are implicated in the revocation of parole. Morrissey v. Brewer 408 U.S. 471, 482, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 781-82, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656 (1973). The final revocation hearing must include: (a) written notice of the alleged parole violations; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body such as a traditional parole board, and (f) a written statement by the factfinders as to the evidence relied on

and reasons for revoking parole. Morrissey, 408 U.S. at 489, 92 S.Ct. at 2604. In accordance with these requirements, Lang was provided with the opportunity for a preliminary hearing (which he waived) and was given a final revocation hearing, at which he admitted he was guilty of the charged parole violations.[1] His admission of guilt to the parole violations eliminated any need to present additional evidence or witnesses. Lang's subsequent desire to retract his admission of guilt does not provide a basis for habeas relief. The record amply reflects that petitioner has received all the process he is due in the state courts. Lang's self-serving interpretation of events is unavailing.

The state courts found no reason to grant a writ of mandamus in petitioner's case. On appeal, the Kentucky Court of Appeals held that:

> "Lang received all the due process rights to which he was entitled under law. Lang was charged with five violations. He waived his right to a preliminary hearing. In the signed waiver, Lang admitted all five violations. In addition, his signature attested a knowing and voluntary waiver of the hearing; waiver of calling witnesses, questioning witnesses and presentation of documents; and knowledge that the waiver would most likely result in his return as a parole violator and revocation of parole with the requirement of serving the remainder of his sentence. His signature appears directly below the following statement:
>
>> I hereby sign this waiver freely and voluntarily and with full knowledge of the consequences of my action. I am not being forced to or promised anything to agree to this waiver. I am not under the influence of alcohol, narcotics, or drugs." Lang v. Kentucky Parole Board, Ky. App., 2004 WL 23200309 at *2-3.

The Kentucky Court of Appeals also held that:

---

[1] To the extent Lang claims that his waiver of preliminary hearing was invalid, he defaulted such claim in state court. The Kentucky Court of Appeals refused to consider such claim on the merits: "We will not consider Lang's assertion that his waiver of preliminary hearing was invalid as the issue was not raised before the circuit court and we will not consider it for the first time on appeal. Lang, 2004 WL 2320309 at *4.

"The form further contains the signature of Lang's probation and parole officer certifying that the waiver had been read to Lang. The Parole Board, in compliance with the regulations and applicable law, conducted a final hearing. Lang again admitted to all five violations in the final hearing. Based upon Lang's waiver of the preliminary parole revocation hearing and his admission of guilt, Lang was found guilty of violating the five separate conditions of parole and he received a 60-month deferment. Lang received all due process guarantees to which he was entitled and he has failed to meet the standards for issuance of a writ of mandamus." Lang v. Kentucky Parole Bd., Ky. App., 2004 WL 2320309, *2 -3.

Very simply, Lang's claim that his constitutional right to "due process" was violated in connection with his parole revocation is refuted by the record and should be summarily dismissed.

**Issues 2 & 3: Whether Lang's Right to Due Process was Violated Because the Parol Board Did Not Provide Him with a Copy of His "Parole Supervision Report" and Because the Notice of Charges was "Insufficient"**

Lang's additional claims are also frivolous and subject to summary dismissal. It plainly appears from the face of the petition and the exhibits annexed to it that Lang is not entitled to any relief in this Court. Although he alleges that the Parole Board violated its own rules by not giving him a copy of his parole supervision report, he attaches an exhibit indicating that prisoners are *not* entitled to a copy of their supervision report. See DE#1, Exh. 2, "Kentucky Corrections Policy and Procedures", ¶ "F" (stating that "The offender DOES NOT receive a copy of the Supervision Report")(emphasis in original). This undercuts Lang's allegation that the Parole Board violated its own regulations and/or policy.[2]

Pursuant to 28 U.S.C. §2254(a), "... a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to

---

[2] Moreover, it is well-settled that a "federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law." Miller v. Francis, 2001 WL 1194904, *19 (6th Cir. (Ohio)), citing Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871, 875 (1984). Errors of state law are not cognizable on habeas review, absent a constitutional violation. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Smith v. Phillips, 455 U.S. 209, 221 (1982). "A federal court may not set aside the state court's interpretation of state statutes." Hutchinson v. Marshall, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985).

the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Lang has not shown that any violation of a regulation occurred, much less that it resulted in a constitutional violation. Although he assails the policy of "not turning over" such reports to prisoners, he admitted his guilt at the final revocation hearing. His present complaints regarding "policy" would not invalidate his admitted parole violations or his underlying conviction, nor guarantee his speedier release from incarceration. In light of his admitted guilt to the parole violations, Lang complaints about "policy" are unavailing. The state courts found no grounds to issue the petition for mandamus.

To the extent Lang alleges that he did not have adequate notice of the charges against him because he did not have a copy of his parole supervision report, the state courts found, and the record plainly reflects, that Lang was given sufficient notice of the parole violation charges against him in the notice of preliminary hearing. Such document sufficiently informed Lang of the nature of his alleged parole violations. As the Kentucky Court of Appeals aptly pointed out, Lang's signature on such waiver refutes any "lack of notice" argument. DE#1, Exh. 3. Lang fails to comprehend that his admission of guilt at the final revocation hearing moots his present arguments that he purportedly lacked adequate "notice" or "access to evidence". His arguments are subject to summary dismissal.

Lang also claims that he was charged "with a singular violation of unauthorized drug use but was subsequently convicted of dual use arising out of the singular alleged incident without notice, opportunity to be heard or evidence." DE#1, Mem., unnumbered p. 23. The trial court aptly noted that:

> "Petitioner's complaint is frivolous because he merely notes a stylistic difference between the "Notice of Preliminary Hearing" form and the "Final Revocation Hearing" form. The former states that the Petitioner allegedly violated the "use of Controlled Substances– Morphine/Opiates", whereas the latter separates the morphine and opiate violations into two separate sentences. The petitioner admitted the violations as they are written on the "Final Revocation Hearing" form, so this Court cannot fathom how the difference between the two forms prejudiced him." DE#1, Exh. 4, p. 4.

The Kentucky Court of Appeals found that Lang's admission of guilt at the final hearing was dispositive of his complaints. As the record plainly reflects that Lang did in fact have notice and an opportunity to be heard and present evidence, the

record conclusively shows he is entitled to no relief. Petitioner's allegations do not show any violation of constitutional "due process", and his claims are subject to summary dismissal.

### Issue 4: Whether A Due Process Violation Occurred As a Result of the Rejection of Lang's Motion to Reconsider Deferment

Finally, Lang fleetingly complains that "the same person who made the decision to revoke and defer petitioner's parole decided the appeal." DE#1, p. 6. Petitioner is apparently referring to his motion for reconsideration of deferment, rather than his actual appeal to the Kentucky Court of Appeals. Obviously, the three member panel of the Parole Board is an entirely different entity than the Kentucky Court of Appeals and does not involve the same people. Petitioner cited no authority for his proposition that a motion to reconsider deferment should not be reviewed by any of the same individuals who participated in the final revocation hearing, and presents none here. The Kentucky Court of Appeals succinctly pointed out that "the record is clear that the review procedures were followed" and that the motion for reconsideration was "screened in accordance with applicable law". DE#1, Exh. 5, p. 8. As already discussed, alleged errors of state law are not cognizable on habeas review. Petitioner's claims are subject to summary dismissal.

### No Hearing Required

No hearing is required if the petitioner's allegations are contradicted by the record, inherently incredible, or are merely conclusions rather than statements of fact. Arredondo v. United States, 178 F.3d 778 (6th Cir. 1999). Petitioner's allegations are refuted by the record. Petitioner's claims can be decided on the record before the Court, and the record conclusively demonstrates that the petitioner is entitled to no relief. Hence, an evidentiary hearing is not required. See, e.g., Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

### IV. Certificate of Appealability ("COA")

The AEDPA provides in 28 U.S.C. §2253(c)(1) that: "Unless a...judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from...(A) the final order in a habeas corpus proceeding...." A certificate of

appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right", 28 U.S.C. §2253(c)(2), and shall indicate which specific issues satisfy the "substantial showing" requirement, 28 U.S.C. §2253(c)(3); Slack v. McDaniel, 529 U.S. 473 (2000); Murphy v. Ohio, 263 F.3d 466 (6th Cir. 2001). It is questionable whether Lang's claims are even cognizable on habeas. In any event, the record refutes Lang's factual allegations of "pre-determination" and "inadequate notice". He expressly waived his preliminary hearing and admitted his guilt to the charged parole violations at his final revocation hearing. The existing record plainly shows that Lang is not entitled to any habeas relief. Lang has not made a substantial showing of any due process violation, and he is not entitled to a COA.

## RECOMMENDATION

It is **RECOMMENDED** that:

a) the "Petition for Writ of Habeas Corpus" (DE#1) by the pro se petitioner, James Lang, should be **DISMISSED with prejudice**;
b) a COA should not be issued.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. United States v. Walters, 638 F.2d 947 (6th Cir. 1981); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), *affirmed*, 474 U.S. 140 (1985). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. See Howard v. Secretary of Health and Human Services, 932 F.2d 505 (6th Cir. 1991). A party may file a response to another party's objection within ten (10) days after being served with a copy thereof. Rule 72(b), Fed. R.Civ.P.

This the 24th day of May, 2005.



Signed By:
J. B. Johnson, Jr.
United States Magistrate Judge