UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| JAMES LANG, | ) |
| Petitioner/Plaintiff, | ) Civil Action No. 6: 05-254-DCR |
| V. | ) |
| KENTUCKY STATE PAROLE BOARD and JOHN REES, Commissioner, Kentucky Dept. Of Corrections, | ) **MEMORANDUM OPINION AND ORDER** |
| Respondents/Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Petitioner James Lang's Petition for a Writ of Habeas Corpus brought under 28 U.S.C. § 2254 [Record No. 1] and his motion to convert his petition to a petition under 28 U.S.C. §2241. [Record No. 10] For the reasons that follow, Lang's motion to convert his original petition will be granted, but will be construed as a motion to convert under 42 U.S.C. §1983. Lang's July petition [attachment to Record No. 10] will be considered as though brought under 28 U.S.C. §2254. However, the relief requested through both petitions will be denied and this action dismissed, with prejudice.

**I.     The Motion to Convert**

Lang originally filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, on May 12, 2005. In this petition, Lang raised a number of objections which can be reduced into three categories. First, he asserted that the use of a particular type of "yellow form" was evidence that the parole board had "pre-determined" to revoke his parole. Second, Lang

contended that the parole board violated his constitutional rights when it failed to turn over to him the supervision report and paperwork regarding the use of a controlled substance. Third, Lang argues that the rehearing was constitutionally infirm because there was a personnel overlap between the board that decided his deferment and the board that reviewed his appeal on reconsideration.

Consistent with local practice, Lang's §2254 petition was referred to United States Magistrate Judge J.B. Johnson, Jr. for a Report and Recommendation ("R&R"). The R&R filed on May 24, 2005 [Record No. 6], concluded that each of Lang's claims were without merit and recommended dismissal of the original petition. The R&R correctly notes that, insofar as Lang's allegations would (at best) entitle him to a re-hearing by the parole board and not immediate release or reduce his sentence, such claims should be considered under 42 U.S.C. §1983, as they do not meet the requirements of an §2254 habeas action. [*See* Record No. 6, page 4-5.][1]

On June 7, 2005, Lang filed objections to the R&R in which he objected to practically each and every factual and legal finding and conclusion of the Magistrate Judge. Additionally, Lang noted the Magistrate's refusal to grant a transfer of the petition to the Western District of Kentucky. [Record No. 3] Lang had requested this transfer because he has brought complaints of judicial misconduct against every active judge in the London division.

On July 11th, the Court received a motion from Lang asking that his initial §2254 petition be converted to a petition under §2241 and be combined with new, additional claims against the Commissioner of the Kentucky Department of Corrections. [Record No. 10] However, as his

---

1    The Court further notes that the recommendation for dismissal does not rest on these grounds.

claims against the Commissioner are based on what Lang characterizes as improperly withheld workforce credits, they are best considered as separate and distinct from those raised in his initial petition. As a result, what is now before the Court is Lang's initial petition brought pursuant to §2254 and his separate petition submitted in July 2005 which Lang believes should be brought pursuant to §2241. The Magistrate Judge's R&R is also pending for review as is Lang's motion to convert his original petition into a petition brought pursuant to §2241.

### A. Lang's Original Petition For Habeas Relief

Lang's original petition for habeas corpus relief rests on allegations of an unfair parole revocation hearing. However, as the this Court has recently held,

> [w]hen state prisoners challenge the constitutionality of state parole procedures and seek declaratory and injunctive relief, and when success on the merits would entitle them to new parole hearings, as opposed to a speedier or immediate release from confinement, then such claims may be brought pursuant to 42 U.S.C. § 1983. *Yourdon v. Johnson,* 2005 WL 984155 (2nd Cir. (N.Y.), April 28, 2005) (not reported) ( *citing Wilkinson v. Dotson,* 125 S.Ct. at 1247).

*Jones v. Fletcher*, 2005 WL 1175960 (E.D.Ky. 2005). If Lang's challenge were successful, at best, it would result in a re-hearing by a different board – not a release from confinement. As the Magistrate Judge correctly noted in his R&R [Record No. 6, page 5] and this Court has made clear, allegations of unfairness are best styled as a §1983 claim, rather than a §2241 petition.

In addressing this issue, the Court is cognizant that *pro se* pleadings are to be liberally construed. Thus, *pro se* petitioners are not held to the same standard as one trained in the law. *Haines v. Kerner*, 92 S.Ct. 594 (1974), *see also Urbina v. Thomas*, 270 F.3d 292 (6th Cir. 2001). As a result, this Court will interpret Lang's petitions as though they were properly brought under §1983.

### B. The July Petition

Having filed objections to the Magistrate's Review and Recommendation in July, Lang filed his most-recent petition under 28 U.S.C. §2241. In this petition, Lang alleges that Respondent, The Commissioner of the Kentucky Department of Corrections, failed to credit his sentence with the period of time spent on parole. [Record No. 10] Based on this claim, he asks this Court to direct that his sentence be properly credited. Keeping in mind the Supreme Court's admonition that *pro se* pleadings are to be liberally construed, *Haines*, 92 S.Ct. 594, this Court will consider Lang's July Petition as though it had been brought pursuant to 28 U.S.C. §2254 (as opposed to §2241).

### II. The Merits of each Petition

#### A. The July Petition (Denial of Sentence Credit)

This Court has jurisdiction over a habeas action based on the custody status of the petitioner at the time the petition is filed. *Carafas v. Lavelle*, 391 U.S. 234 (1968); *Sanders v. Freeman*, 221 F.3d 846 (6th Cir. 2000). At the time the petition was filed, Lang was in state custody at the Bell County Forestry Camp, located in Pineville, Kentucky.[2]

Before a federal court may consider a state prisoner's habeas corpus claims, the petitioner must first have exhausted all state remedies as to that claim. §2254(b)(1)(A). The Supreme Court has recognized that in order for state remedies to have been exhausted as a condition to a person in state custody obtaining federal habeas corpus relief, the particular claim for which

---

2   The amended provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 103-132, 110 Stat. 1214 (1996) ("AEDPA"), apply to habeas petitions filed after April 24, 1996, as was this petition. *Williams v. Taylor*, 120 S.Ct. 1495 (2000).

such federal relief is sought must have been raised or presented in the state courts. *Pitchess v Davis*, 421 US 482 (1975); *Smith v Digmon*, 434 US 332 (1978). However, pursuant to AEDPA, Congress was clear that an application for habeas may be denied on the merits even if the petitioner has not fully exhausted his state court remedies. *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000). Here, Lang has raised all of the claims which underlie the May Petition in state court, and had discretionary appeal denied by the Kentucky Supreme Court. *Lang v. Kentucky Parole Board*, 2004 WL 2320309 (Ky. App., Oct. 15, 2004). As a result, under the requirements of §2254 the July Petition is ripe for consideration by this Court.

Lang's objection to the decision by the Kentucky Department of Corrections not to credit his sentence with workforce time credits requires an examination of the brief change in Kentucky law regarding the effect of parole on the maximum sentence that was the result of the state budget bill passed in 2003 and which, it seems, underlies Lang's July Petition. [Record No. 10] Kentucky law provides that "[t]he period of time spent on parole shall not count as a part of the prisoner's maximum sentence except in determining parolee's eligibility for a final discharge from parole as set out in KRS 439.354." (KRS 439.344 (2004)) However, in 2003 the General Assembly passed a state budget bill, H.B. 269, which contained the following provision:

> 36. COMMUNITY SERVICES AND LOCAL FACILITIES
>
> a. Probation and Parole Credit: Notwithstanding KRS 439.344, the period of time spent on parole shall count as a part of the prisoner's remaining unexpired sentence, when it is used to determine a parolee's eligibility for a final discharge from parole as set out in KRS 439.354, or when a parolee is returned as a parole violator for a violation other than a new felony conviction.".

2003 Ky. Acts, Ch. 156, Part IX, item 36(a), p. 1876.

The Department of Corrections determined that the provisions of H.B. 269 which allow the period of time spent on parole to count as part of an unexpired sentence do not apply to Lang. Therefore, it refused to credit his remaining sentence with the time spent on parole prior to his parole revocation. Lang first challenged this interpretation in state court. As part of his initial appeal, he sought (and was granted) an appeal in the Kentucky Court of Appeals. [*See* Record No. 10, Exhibit No. 2.] In an unpublished opinion, the court of appeals affirmed the decision of the lower court dismissing Lang's claims based on its own interpretation of the application of the relevant portions of H.B. 269. *Lang v. Rees*, 2005 WL 387246 (Ky. App. 2005). The Kentucky Court of Appeals determined:

    1. Based on relevant Kentucky precedent concerning the application of H.B. 269, Lang was not eligible to have the statute applied to him, since he was returned as a parole violater prior to April 1, 2003.

    2. Kentucky law provides that no statute shall be construed to be retroactive unless the statute expressly so declares, and H.B. 269 does not contain this language, nor does KRS 446.110 apply, as non-crediting is not a "penalty, forfeiture, or punishment."

    3. Corrections was not required to award "work for time" credit under KRS 197.047 as the statute grants discretion to the Department of Corrections, and Corrections was therefore free to withhold credit from inmates convicted of robbery in the first degree.

    4. Lang was not entitled to receive additional credit on his sentence under the "Governor's Goodtime" executive order, as the order was no longer in effect.

5. Lang was not subject to double jeopardy, as Kentucky law in effect at the time of his initial conviction was clarified, not changed, by the decision in *Riley v. Parke*, 740 S.W.2d 934 (Ky. 1987).

When a state's highest court has not ruled on an issue presented to a federal court, the federal court must decide the way the highest state court would rule if it were presented with the issue. As such, federal courts should follow decisions of intermediate state appellate courts unless persuasive evidence indicates that the highest state court would decide the issue differently. *Hicks v. Feiock*, 485 U.S. 624, 630 (1988), *quoting West v. American Tel. & Tel. Co.*, 311 U.S. 223, 237-238 (1940). The highest state court's refusal to review the intermediate court decision strengthens the decision's binding effect. *West*, 311 U.S. 223, 237 (1940).

This Court sees no persuasive evidence that the Supreme Court of Kentucky would be likely to rule differently than the Kentucky Court of Appeals. Indeed, given that the Kentucky's supreme court has declined to grant an appeal to this and other similar cases, this Court is persuaded that were the Supreme Court of Kentucky to hear this case, it would almost certainly rule as did the Kentucky Court of Appeals. *See Harper v. Kentucky Dept. of Corrections*, 2005 WL 789140 (Ky. App. 2005); *see also Fredericks v. Fletcher*, 2005 WL 1491235 (Ky. App. 2005).

Having been presented with no persuasive evidence that the decision of the Kentucky Court of Appeals was erroneous as applied to state law, this Court must determine if Lang's Constitutional rights were violated. At the outset, the Court recognizes that there is no constitutional right of a lawfully-convicted person to be conditionally released before the

expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Simply stated, there is no federal constitutional right to parole. *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990); *Sweeton v. Brown*, 27 F.3d 1162 (6th Cir. 1994). As Lang has presented no persuasive evidence that the Kentucky Court of Appeals misapplied state law, and has presented no persuasive evidence that his constitutional rights were otherwise violated, his petition for a writ of habeas corpus against John Rees, Commissioner of the Kentucky Department of Correction, will be denied.

### B.     The Original Petition (Claim against Parole Board)

As noted above, the original petition has been reviewed by United States Magistrate Judge Johnson and the issues raised therein are currently pending for review of the Magistrate Judge's R&R.[3] As noted above, Lang's objections to the actions taken by the parole board fit into three distinct categories. First, he claims that the use of a particular type of "yellow form" was evidence that the parole board had "pre-determined" to revoke his parole. Second, Lang contends that the parole board violated Lang's constitutional rights when it failed to turn over to Lang the supervision report and paperwork on the use of a controlled substance. Third, Lang asserts that the rehearing was constitutionally infirm in there was a personnel overlap between the board that decided his deferment and the board which reviewed his reconsideration appeal.

As to Lang's first claim, the Magistrate notes (and this Court agrees) that the fact that the paperwork contained a variety of options – including reinstating parole – is proof that, in other

---

3   Title 28, U.S.C. 636(b)(1)(C), provides that, "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

circumstances and using the same paperwork, another inmate could be returned to parole using the same form. [Record No. 6] The fact that Lang was likely to be denied parole based on his confession at the parole hearing is not evidence of a constitutional infirmity. And given Lang's obviously extensive knowledge of the parole system, his allegation that he felt compelled to plead guilty since he knew the outcome is self-serving at best, as the Magistrate also notes. *Id*.

The Magistrate's R&R notes that due process protections must be provided for Lang, as required by the Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). Without repeating all of the state court's analysis, this Court notes that Lang was afforded each necessary step, excepting only those he waived by pleading guilty and signing a form of knowing waiver. *Lang v. Kentucky Parole Board*, 2004 WL 23200309 (Ky. App. 2004). In summary, Lang's due process rights were not violated by the use of the "yellow" form at the hearing.

As to Lang's second claim that his due process rights were violated by the parole board's apparent failure to provide him with a copy of his parole supervision report and a failure to specify the charges against him, this Court agrees with the Magistrate's Judge's R&R and concludes that Lang's due process rights were not violated.

The first part of Lang's claim – that he was not provided a copy of his parole supervision report – is undercut by Lang's own pleadings. Lang attached as an exhibit the Kentucy Corrections Policy that states that prisoners are not entitled to receive a copy of the report. [*See* Record No. 2, Exhibit No. 2.] Given Lang's own evidence, he cannot sustain a claim that the

parole board violated its own policy. Likewise, he has not presented any evidence that the policy itself violates due process.

The second part of Lang's claim – that he did not have adequate notice of the charges against him as a result of not receiving the supervision report – are even more spurious. Lang was given notice of the preliminary hearing which listed the charges against him. Lang then signed a waiver that refutes his lack of notice argument. Finally, Lang's admission of guilt at the hearing moots any further argument regarding notice or access to evidence. The Magistrate Judge recommends – and this Court agrees – that Lang's claim regarding notice should be summarily dismissed.

Lang's third major area of complaint focuses on his allegation that the Kentucky Court of Appeals incorrectly interpreted state law when it decided that there could be overlap between the parole board making the initial decision and the panel which denied reconsideration, so long as there was no overlap with the group "deciding the appeal" which was the Kentucky Court of Appeals. [Record No. 8] As noted above, under principles of federalism embodied by *West v. American Telephone*, this Court is bound by the decisions of a state appellate court, absent clear evidence that the state's highest court would decide the case differently. *West*, 311 U.S. 223. This Court would be bound by the Kentucky Court of Appeal's interpretation of state law even if it simply disagreed with that interpretation, which it does not. Thus, Lang's claim on this ground is also without merit.

**III.    No Hearing Is Necessary**

As the Magistrate Judge notes, hearings are not required in habeas cases or other proceedings challenging conditions of detention. [Record No. 6] Here, Lang's allegations are contradicted by the record in some cases, unbelievable in others, and at best conclusory. A hearing on these matters, therefore, is unnecessary. *Fontaine v. United States*, 411 U.S. 213, 215 (1973); *Arredondo v. United States*, 178 F.3d 778 (6th Cir. 1999). Instead, Lang's claims can decided on the evidence before the Court. Having conducted its own review of the record, this Court agrees with the Magistrate Judge that the evidence of record demonstrates that Lang is entitled to no relief.

### IV.    Certificate of Appealibility

State prisoners appealing the denial of a habeas corpus petition under §2254 and federal prisoners appealing the denial of a §2255 motion do not have an appeal as of right. *See Lynch v Blodgett*, 999 F2d 401 (9th Cir. 1993) *cert. den.* (1994) 510 U.S. 1167 (1994). Title 28, U.S.C. §2253(c)(2), provides that a certificate of appealability would only be appropriate in the immediate case if Lang had made a substantial showing of the denial of a constitutional right. Even under the most lenient reading of Lang's allegations, and conversion to the appropriate cause of action, Lang has failed to make such a showing. As the Magistrate Judge's R&R notes, Lang's waiver of a preliminary hearing despite his self-serving statement that he "signed but didn't initial" and his open admission of guilt at the hearing cut against any claims he might make. Even without the waiver and admission, Lang has failed to make the substantial showing that the statute requires. Therefore, he is not entitled to a certificate of appealability.

### V.    CONCLUSION

For the reasons discussed herein, it is hereby **ORDERED** as follows:

1. Lang's motion to convert his original §2254 petition [Record No. 10] is **GRANTED**, but will be construed as a motion to convert under 42 U.S.C. §1983.

2. Lang's motion to transfer this action to the Western District of Kentucky [Record No. 3] is **DENIED** as without merit.

3. The Magistrate Judge's Report and Recommendation [Record No. 6] is adopted in full and incorporated herein by reference.

4. Lang's petition for a writ of habeas corpus [Record No. 10] is **DENIED**, with prejudice.

5. Lang's converted §1983 action [Record No. 1] is **DISMISSED**, with prejudice.

6. A certificate of appealability shall not issue because the Petitioner/Plaintiff has not made a substantial showing of the denial of a constitutional right. Further, an appeal from this judgment may not be taken *in forma pauperis* because it would not be taken in good faith.

7. This matter is stricken from the active docket.

This 6th day of September, 2005.

Signed By:
*Danny C. Reeves* DCR
**United States District Judge**